UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

CLIFTON HALSEY,

                        Plaintiff,

v.

KENNETH P. THOMPSON, *Brooklyn District Attorney* and SUZETTE DAVIS-MCLEOD,

                        Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
17-CV-89 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Clifton Halsey, proceeding *pro se* and currently incarcerated at the Manhattan Detention Complex ("MDC") as a pretrial detainee, brings this civil rights action[1] pursuant to 42 U.S.C. § 1983 against Defendant Kenneth P. Thompson, Brooklyn District Attorney,[2] and Suzette Davis-McLeod. (Compl., Docket Entry No. 2.) Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, Plaintiff's claims are dismissed and he is granted leave to file an amended complaint within thirty days (30) from the date of this Memorandum and Order.

**I. Background**

The Court assumes the truth of the allegations in the Complaint for purposes of this Memorandum and Order. Plaintiff pursues this action based on a pending criminal proceeding in New York State Supreme Court, Kings County. (Compl. 2, 4.) Plaintiff alleges that the basis for

---

[1] This action was transferred to this court from the United States District Court for the Southern District of New York by Order dated December 28, 2016. (Docket Entry No. 4.)

[2] DA Thompson passed away on October 9, 2016 and is no longer the Brooklyn District Attorney.

his current indictment is the same as a prior criminal proceeding that had been "dismissed and sealed [five] months ago" by the Brooklyn District Attorney's office. (*Id.* at 4.) Plaintiff appears to allege that the prior criminal proceeding was dismissed because Davis-McLeod recanted her allegations that Defendant was engaged in criminal conduct. (*Id.*) The nature of the purported criminal conduct is not clear, but Plaintiff asserts that Davis-McLeod made similar allegations about him to the Administration for Children's Services. (*Id.*)

Approximately five months after the case was dismissed, Plaintiff asked Davis-McLeod to "leave [him] alone." (*Id.*) In retaliation, David-McLeod "lied" and reported that Plaintiff engaged in the same criminal conduct that was the basis of the prior charges that had been dismissed. (*Id.*) According to Plaintiff, Davis-McLeod's statements form the basis of a "seventy-two count indictment" against him. (*Id.*) At the time of the filing of the Complaint Plaintiff had been incarcerated for five months because he could not afford his $50,000 bail. (*Id.*) Plaintiff claims that Davis-McLeod has engaged in similar conduct with other men and that she uses the New York City Police Department and criminal court as a "tool [at] her disposal illegally." (*Id.* at 5.) Plaintiff also alleges that he was "beat up" by police officers at the 67th Precinct and denied medical treatment on two occasions. (*Id.*) Plaintiff requests that the Court order his release from MDC and award him damages of ten million dollars. (*Id.*)

II. Discussion

   a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir.

2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

    b.    **Section 1983**

Liberally construing the allegations in the Complaint, Plaintiff appears to be attempting to allege claims for malicious prosecution, false arrest, excessive force and failure to provide medical attention.

Under section 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). To establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted).

In order to sustain a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("[T]he under[-]color-of-state-law element of [section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (citation and internal quotation marks omitted)). Thus, a claim for relief pursuant to section 1983 must allege facts showing that the challenged conduct was "committed by a person acting under color of state law." 42 U.S.C. § 1983.

In addition, a plaintiff bringing a section 1983 claim must show that each of the named individuals is personally liable for the alleged harm. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). "Because vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

### i. Malicious prosecution

"[T]o prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, and must establish the elements of a malicious prosecution claim under state law." *Manganiello v. City of New York*, 612 F.3d 149, 160–61 (2d Cir. 2010) (citations and internal quotation marks omitted). Under New York law, the elements of a malicious prosecution claim are "(1) the initiation or

4

continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Morris v. Silvestre*, 604 F. App'x 22, 24 (2d Cir. 2015) (quoting *Manganiello*, 612 F.3d at 161). "[T]he plaintiff must also show 'that there was . . . a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights.'" *Higginbotham v. City of New York*, 105 F. Supp. 3d 369, 375 (S.D.N.Y. 2015) (second alteration in original) (quoting *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000)).

### ii. False arrest

"Under New York law, 'to prevail on a claim of false arrest a plaintiff must show that (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" *Nzegwu v. Friedman*, 605 F. App'x 27, 29 (2d Cir. 2015) (quoting *Jocks v. Tavernier*, 316 F.3d 128, 135 (2d Cir. 2003)).

### iii. Excessive force

When determining whether an officer used excessive force, a court must analyze the totality of the circumstances facing the officer and consider: "(1) the nature and severity of the crime leading to the arrest, (2) whether the suspect poses an immediate threat to the safety of the officer or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010) (citations omitted); *see also Nimkoff v. Dollhausen*, 751 F. Supp. 2d 455, 463 (E.D.N.Y. 2010) ("[T]he fact finder must consider the totality of the circumstances, including 'the crime committed, its severity, the threat of danger to the officer and society, and whether the suspect is resisting or attempting to evade

5

arrest.'" (citations omitted)).

### iv. Inadequate medical treatment

To state a claim based on inadequate medical treatment, a plaintiff must sufficiently allege (1) that he had an objectively "serious medical condition," and (2) that this condition was met with subjective "deliberate indifference" on the part of prison officials. *Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000)). In order to satisfy the objective element, a plaintiff must establish a serious medical condition by showing "that his medical need was 'a condition of urgency, one that may produce death, degeneration, or extreme pain.'" *Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005) (quoting *Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir. 1998)). "Factors relevant to the seriousness of a medical condition include whether 'a reasonable doctor or patient would find [it] important and worthy of comment,' whether the condition 'significantly affects an individual's daily activities,' and whether it causes 'chronic and substantial pain.'" *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

### c. Plaintiff fails to state a claim under section 1983

The allegations in the Complaint are not sufficient to allege a section 1983 claim. As to Suzette Davis-McLeod, Plaintiff's allegations are insufficient because she is a private citizen and Plaintiff does not allege that she acted under color of state law. Plaintiff's claim against Thompson fails because Plaintiff does not allege any personal involvement by Thompson and Plaintiff cannot rely on supervisory liability as the basis to hold Thompson liable for another's conduct. *See, e.g., Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Hernandez v. Keane*, 341

F.3d 137, 144 (2d Cir. 2003) ("'Absent some personal involvement by [the supervisory official] in the allegedly unlawful conduct of his subordinates,' he cannot be liable under section 1983." (alteration in original) (quoting *Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987))). Furthermore, it is well established that a district attorney acting within the scope of his or her duties is immune from suit under section 1983, and Plaintiff does not allege that Thompson acted outside the scope of his duties. *See Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (noting that it is "well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under [section] 1983." (citations and internal quotation marks omitted)); *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) ("Prosecutorial immunity from [section] 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." (citation and internal quotation marks omitted)).

Plaintiff also fails to include sufficient allegations to make out a claim under section 1983. Liberally construing the allegations in the Complaint, Plaintiff appears to be attempting to allege claims for malicious prosecution, false arrest, excessive force and failure to provide medical attention. Each of these is a cognizable claim under section 1983, but Plaintiff must allege facts that support the elements of each claim and identify defendants who personally violated his constitutional rights while acting under color of state law.[3]

---

[3] Because Plaintiff is incarcerated, to the extent he seeks release from prison, Plaintiff cannot utilize a section 1983 claim but must instead bring a petition for habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Similarly, to the extent Plaintiff seeks damages and challenges his current incarceration, he must demonstrate that the conviction has been invalidated in order to pursue a section 1983 claim. *See Heck v. Humphrey*,

In light of Plaintiff's *pro se* status, the Court grants Plaintiff thirty (30) days from the date of this Memorandum and Order to file an amended complaint. Should Plaintiff elect to file an amended complaint, the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, and it must "plead enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff should provide facts to support all of the claims he wishes to pursue. Plaintiff must identify each individual defendant in both the caption and the body of the amended complaint, and name as proper defendants those individuals who acted under color of state law and have some personal involvement in the actions he alleges in the amended complaint. If Plaintiff does not know the names of the individuals, he may identify individuals as John or Jane Doe along with their title (for example, Police Officer John Doe or Correction Officer Jane Doe, etc.). To the best of his ability, Plaintiff must describe each individual and the role he or she played in the alleged deprivation of his rights. Plaintiff must also provide the dates and locations for each relevant event.

### III. Conclusion

Accordingly, the Court dismisses the Complaint for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court grants Plaintiff thirty days (30) from the date of this Memorandum and Order to file an amended complaint. Plaintiff is advised that the amended complaint will completely replace the original complaint, must be captioned "Amended

---

512 U.S. 477, 487 (1994) ("[w]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). Accordingly, Plaintiff should pursue the appropriate cause of action and claims in accordance with the relief he seeks in any amended complaint. *See, e.g.*, *Geer v. Brown*, No. 14-CV-6172, 2015 WL 4042166, at *4 (E.D.N.Y. July 1, 2015) (dismissing section 1983 claims by an incarcerated plaintiff because the claims could only be brought in a habeas corpus petition and the plaintiff could not establish favorable termination as required by *Heck*).

Complaint," and must bear the same docket number as this Memorandum and Order. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing this action for the reasons set forth above. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: April 27, 2017
      Brooklyn, New York