UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

CLIFTON HALSEY,                                   NOT FOR PUBLICATION

                        Plaintiff,       **MEMORANDUM & ORDER**
                                                    17-CV-89 (MKB)

                        v.

DETECTIVE WILLIAM CAMACHO, NEW YORK
CITY POLICE DEPARTMENT, POLICE OFFICER
RAYMOND LOPEZ, CITY OF NEW YORK,
POLICE OFFICER JARED DESALVO, and
SUZETTE DAVIS-MCLEOD,

                        Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Clifton Halsey, proceeding *pro se*, filed the above-captioned action on December 23, 2016, against the Brooklyn District Attorney and Suzette Davis-McLeod pursuant to 42 U.S.C. § 1983.[1] By Memorandum and Order dated April 27, 2017, the Court dismissed Plaintiff's claims and granted Plaintiff thirty (30) days to file an amended complaint. (Mem. and Order dated April 27, 2017 ("April 2017 Decision"), Docket Entry No. 10.) On May 30, 2017, Plaintiff filed an Amended Complaint against Detective William Camacho, the New York City Police Department ("NYPD"), Police Officers Raymond Lopez and Jared DeSalvo, the City of

---

[1] By Order dated December 28, 2016, the United States District Court for the Southern District of New York transferred this action to the Eastern District of New York. (Transfer Order dated December 28, 2016, Docket Entry No. 4.)

1

New York, and Suzette Davis-McLeod.[2] (Am. Compl., Docket Entry No. 11.)[3] In August of 2017, Plaintiff filed two letters in support of the allegations in the Amended Complaint. (Pl. Letter dated Aug. 13, 2017 ("Pl. Aug. 13 Letter"), Docket No. 13; Pl. Letter dated Aug. 15, 2017 ("Pl. Aug. 15 Letter"), 2, Docket No. 14.) For the reasons discussed below, the Court dismisses the claims against Davis-McLeod, the NYPD and the City of New York. Plaintiff's claims against Detective Camacho, Police Officer Lopez, and Police Officer DeSalvo shall proceed.

## I. Background

The Court assumes the truth of the factual allegations in the Amended Complaint for the purposes of this Memorandum and Order. In light of Plaintiff's *pro se* status, the Court also considers and assumes the truth of the factual allegations in the two letters Plaintiff submitted in support of the Amended Complaint.[4]

Plaintiff's claims arise from a criminal proceeding in New York State Supreme Court,

---

[2] Plaintiff also makes several allegations against Assistant District Attorney Jennifer Nasar, but does not name her as a defendant in the Amended Complaint and does not otherwise indicate that he intended to do so. (*See* Am. Compl. 13, 17, 18, Docket Entry No. 11.)

[3] Because the pages of the Amended Complaint and the attached documents are not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") System.

[4] *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (finding that district courts may consider factual allegations made by a pro se party in his papers opposing a motion to dismiss); *see also Trisvan v. Heyman*, --- F. Supp. 3d ---, ---, 2018 WL 1582223 at *2 (E.D.N.Y. Mar. 30, 2018) (same); *Waters v. Douglas,* No. 12-CV-1910, 2012 WL 5834919, at *2 (S.D.N.Y. Nov. 14, 2012) ("[I]n light of the plaintiff's pro se status, the Court has considered all of plaintiff's submissions, drawing every reasonable inference in his favor."); *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 461 n.79 (N.D.N.Y. 2009) ("[I]n cases where a pro se plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside the complaint to the extent they are consistent with the allegations in the complaint." (citation and internal quotation marks omitted)); *Gadson v. Goord*, No. 96-CV-7544, 1997 WL 714878, at *1, n.2 (S.D.N.Y. Nov. 17, 1997) ("However, the mandate to read the papers of *pro se* litigants generously makes it appropriate to consider plaintiff's additional materials, such as his opposition memorandum." (citing, *inter alia, Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987))).

Kings County that was pending at the time Plaintiff filed the Complaint and Amended Complaint. (*See generally* Am. Compl.) Although Plaintiff was incarcerated at the time he filed the Amended Complaint, he has subsequently informed the Court that this is no longer the case. (*See* Pl. Aug. 13 Letter 1.)

Plaintiff describes four separate encounters with the NYPD. On February 10, 2016, Plaintiff had a dispute with Davis-McLeod and her daughter. (*Id*. at 10, 13, 17.) The NYPD filed a Domestic Incident Report which Plaintiff contends contains false accusations made by the NYPD, Camacho, and Davis-McLeod. (*Id*. at 10, 25.) Plaintiff alleges that "Detective Camacho tracked down [M]s. Davis and compelled her to try to file a report." (Pl. Aug. 13 Letter 1.) In addition, Plaintiff alleges the Assistant District Attorney's reports of the incident "added many lies" and "fails to mention things." (Am. Compl. 1, 20–26.) Plaintiff further alleges that Davis-McLeod "lied on and at the grand jury on 7/29/16" with respect to this incident. (*Id.* at 19.)

On April 15, 2016, Plaintiff and Davis-McLeod had another argument, which resulted in Davis-McLeod reporting Plaintiff to the police. (*Id*. at 19, 28.) Plaintiff alleges that Camacho filed a false police report about this event as well. (*Id*. at 13.)

On May 13, 2016, Plaintiff was "beat up by the NYPD" who injured his "hand, face and back and wrist" during an arrest. (*Id.* at 14, 23, 24.) Plaintiff alleges that he was not afforded medical treatment at the precinct, despite repeated requests. (*Id*. at 15, 30.)

Plaintiff alleges that Davis-McLeod again lied to the police on July 27, 2016, when she reported that Plaintiff made her feel unsafe, and lied to a grand jury in relation to this incident. (Pl. Aug. 15 Letter 2.) As a result of her testimony, Plaintiff claims that he was incarcerated for eleven months. (*Id.*)

Plaintiff asserts claims for malicious prosecution, false arrest, excessive force, and

3

inadequate medical treatment. (*Id.* at 4.) Plaintiff alleges that Detective William Camacho "falsified [his] arrest" and "lie[d] at the grand jury and trial." (*Id.* at 14, 19.) According to Plaintiff, his former girlfriend, Davis-McLeod, made false statements to authorities and testified falsely before a grand jury. (*Id.* at 15, 18.) Plaintiff also alleges that Police Officers Lopez and Desalvo used excessive force against him during an arrest and denied him medical treatment. (*Id.* at 14-15, 18, 30.) Plaintiff alleges that the District Attorney's office indicted him after his case was dismissed, though it is not clear to which case he refers. (*Id.* at 13, 17, 18.) Plaintiff seeks monetary relief.[5] (*Id.* at 5.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

---

[5] At the time Plaintiff filed the Amended Complaint, he also requested that the Court order his release from the Metropolitan Detention Complex. (Am. Compl. 18, 19.) Because Plaintiff is no longer incarcerated, (s*ee* Pl. Letter dated Aug. 13, 2017, 1, Docket No. 13), the Court denies the request as moot.

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Section 1983 claims

Under section 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). To establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted).

In order to sustain a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("[T]he under[-]color-of-state-law element of [section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (citation and internal quotation marks omitted)). Thus,

a claim for relief pursuant to section 1983 must allege facts showing that the challenged conduct was "committed by a person acting under color of state law." 42 U.S.C. § 1983.

In addition, a plaintiff bringing a section 1983 claim must show that each of the named individuals is personally liable for the alleged harm. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). "Because vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

### i. Claims against the NYPD

Plaintiff cannot sue the NYPD because it is an agency of the City of New York. Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter, chap. 17 § 396. This provision "has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159–60 (2d Cir. 2008) (per curiam); *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."); *Morris v. N.Y.C. Police Dep't*, 59 F. App'x 421, 422 (2d Cir. 2003) (affirming dismissal of claims asserted against the NYPD due to non-suable-entity status); *Johnson v. Dobry,* 660 F. App'x 69, 72 (2d Cir. 2016) (citing N.Y. City Charter ch. 17, § 396, which states that actions must be brought against the City, not an agency). The Court therefore dismisses Plaintiff's claim against the NYPD.

### ii. Claims against Davis-McLeod

As the Court explained in the April 2017 Decision, Plaintiff cannot state a section 1983

6

claim as to Davis-McLeod because she is a private citizen whose conduct is not attributable to the state. *Halsey v. Thompson*, No. 17-CV-89, 2017 WL 1532582, at *3 (E.D.N.Y. Apr. 27, 2017). In the Amended Complaint, Plaintiff identifies David-McLeod as a "private citizen," (Am. Compl. 3), but alleges that "Suzette Davis Mcleod acted under color of law in that she lied at the grand jury," (Am. Compl. 15). However, the Amended Complaint does not set forth any facts to suggest that Davis-McLeod is a state actor or acted in concert with any state actor. *See Briscoe v. LaHue*, 460 U.S. 325, 329–30 (1983) (finding "[section] 1983 does not allow recovery of damages against a private party for testimony in a judicial proceeding" because witnesses in judicial proceedings have absolute immunity and such testimony alone does not establish state action); *Gordon v. City of New York*, No. 10-CV-5148, 2012 WL 1068023, at *12 (E.D.N.Y. Mar. 29, 2012) (finding private party not liable under section 1983 for grand jury testimony); *see also Vazquez v. Combs*, No. 04-CV-4189, 2004 WL 2404224, at *4 (S.D.N.Y. Oct. 22, 2004) ("[M]erely filing a complaint with the police, reporting a crime, requesting criminal investigation of a person, or seeking a restraining order, even if the complaint or report is deliberately false, does not give rise to a claim against the complainant for a civil rights violation."). Plaintiff's conclusory allegation that Davis-McLeod acted under color of law because she testified before a grand jury is therefore insufficient. *See Briscoe*, 460 U.S. at 329. Her private conduct, "no matter how discriminatory or wrongful," does not give rise to a section 1983 claim. *See Sullivan*, 526 U.S. at 49–50. Accordingly, the Court dismisses Plaintiff's claims against Davis-McLeod.

### iii. Claims against the City of New York

A municipality, like the City of New York, can be liable under section 1983 only if a plaintiff can demonstrate "(1) an official [municipal] policy or custom that (2) cause[d] the

7

plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)). A plaintiff can establish an official policy or custom by showing any of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates. *See Iacovangelo v. Corr. Med. Care, Inc.*, 624 F. App'x 10, 13–14 (2d Cir. 2015) (formal policy officially endorsed by the municipality); *Matusick*, 757 F.3d at 62 (widespread and persistent practice); *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 164 (2d Cir. 2014) (failure to train amounting to deliberate indifference); *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012) (policymaking official's "express" or "tacit" ratification of low-level employee's actions).

Plaintiff does not allege any unconstitutional policy or custom attributable to New York City that would confer municipal liability. (*See* Am. Compl.) Accordingly, the Court dismisses Plaintiff's Amended Complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**III. Conclusion**

For the reasons set forth above, the Court dismisses Plaintiff's claims against the NYPD, Davis-McLeod, and the City of New York. *See* 28 U.S.C. § 1915(e)(2)(B). No summonses shall issue as to these Defendants and the Clerk of Court is directed to amend the caption to reflect the dismissal of these Defendants.

Plaintiff's claims against Detective Camacho, Police Officer Lopez, and Police Officer DeSalvo, shall proceed. The United States Marshal Service is directed to serve the Summons, Complaint, Amended Complaint, the April 2017 Decision, and this Memorandum and Order upon these Defendants without prepayment of fees, and mail a courtesy copy of the same papers to the Corporation Counsel for the City of New York. The Clerk of Court shall send to Plaintiff a copy of this Memorandum and Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444–45 (1962).

          SO ORDERED:

               s/ MKB
          MARGO K. BRODIE
          United States District Judge

Dated: July 5, 2018
       Brooklyn, New York